1  Michael N. Westheimer (State Bar No. 178938)
   E-mail: Michael.Westheimer@bakernet.com
2  Shoshana Isaac (State Bar No. 246072)
   E-mail: shoshana.isaac@bakernet.com
3  **BAKER & McKENZIE LLP**
   660 Hansen Way
4  Palo Alto, CA 94304-1044
   Telephone: +1 650 856 2400
5  Facsimile: +1 650 856 9299

6  Attorneys for Defendant
   SOUTHWEST AIRLINES CO.
7

8  UNITED STATES DISTRICT COURT

9  CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ELLIS, an individual, | **Case No. CV09-0409-JFW (RCx)** |
| Plaintiff, | [PROPOSED] |
| v. | **AMENDED** STIPULATED CONFIDENTIALITY PROTECTIVE ORDER |
| SOUTHWEST AIRLINES CO., | Pre-Trial Conf.: November 20, 2009 |
| Defendant. | Trial Date: December 8, 2009 |

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400
PALDMS/392195.3
Case No CV09-0409-JFW (RCx)
AMENDED STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

1    Plaintiff David Ellis and Defendant Southwest Airlines Co. jointly submit the
2    following Amended Stipulated Confidentiality Protective Order, amending Sections 1,
3    6.2, 6.3 and the manner of electronic filing/lodging to address the concerns raised in
4    the court's minute order issued April 30, 2009 (docket #23). The parties mutually
5    request that the court enter the protective order to facilitate the discovery process and
6    protect the rights of third parties.
7    1.    PURPOSES AND LIMITATIONS
8         Disclosure and discovery activity in this action are likely to involve production
9    of confidential, proprietary, or private information for which special protection from
10   public disclosure and from use for any purpose other than prosecuting this litigation
11   would be warranted.
12        Specifically, in this action pertaining to Plaintiff's former employment with
13   Defendant, a significant amount of requested discovery may involve personnel
14   records, workplace complaints and/or investigations concerning third party employees
15   that are protected from disclosure by the third party employees' Constitutionally-
16   mandated right to privacy set forth in Article 1, § 1 of the California Constitution and
17   in the U.S. Constitution. *See Board of Trustees of Leland Stanford Junior Univ. v.*
18   *Superior Court*, 119 Cal.App.3d 516, 524-28 (1981) (right to privacy protects from
19   disclosure employee personnel, promotion and investigation files); *see also Garstang*
20   *v. Superior Court*, 39 Cal.App.4th 526, 533-36 (1995) (right to privacy protects from
21   disclosure documents relating to investigation of workplace disputes).
22        "Since 'judicial discovery orders [relating to *private* matters] inevitably involve
23   *state-compelled* disclosure of presumptively protected information, the principles [of
24   art. I, § 1] have equal application to purely private litigation." *Board of Trustees*,
25   *supra*, 119 Cal.App.3d at 525 (quoting *Britt v. Superior Court*, 20 Cal.3d 844, 856 n.3
26   (1978)). "The custodian [of private information] has the right, in fact the duty, to
27   resist attempts at unauthorized disclosure and the person who is the subject of [it] is
28   entitled to expect that his right will be thus asserted." *Id.* at 525-26 (quoting *Craig v.*

*Municipal Court*, 100 Cal.app.3d 69, 77 (1979)). "And, of course, the custodian of such private information may not waive the privacy rights of persons who are constitutionally guaranteed their protection." *Id.* at 526.

Discovery of information protected from disclosure by the right of privacy may be warranted only if it is "directly relevant" to issues of ongoing litigation and there is a "compelling state purpose" for its disclosure. *Id.* at 525-26. Even then, the scope of such disclosure must be "narrowly circumscribed." *Id.* at 526.

Here, the parties have conferred (through counsel) and seek entry of a protective order to facilitate production of requested discovery related to workplace complaints by or against Plaintiff. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Confidentiality Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Confidentiality Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

    2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under

1 standards developed under FED. R. CIV. P. 26(c).

2     2.4 <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

    2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

    2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

    2.7 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

    2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

    2.9 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

    2.10 <u>House Counsel</u>: attorneys who are employees of a Party.

    2.11 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

    2.12 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

    2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or

demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the

1  level of protection initially asserted, that Party or non-party must promptly notify all
2  other parties that it is withdrawing the mistaken designation.
3     5.2   Manner and Timing of Designations. Except as otherwise provided in
4  this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise
5  stipulated or ordered, material that qualifies for protection under this Order must be
6  clearly so designated before the material is disclosed or produced.
7     Designation in conformity with this Order requires:
8     (a)   for information in documentary form (apart from transcripts of
9  depositions or other pretrial or trial proceedings), that the Producing Party affix the
10 legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
11 ONLY" at the top of each page that contains protected material. If only a portion or
12 portions of the material on a page qualifies for protection, the Producing Party also
13 must clearly identify the protected portion(s) (e.g., by making appropriate markings in
14 the margins) and must specify, for each portion, the level of protection being asserted
15 (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
16 ONLY").
17    A Party or non-party that makes original documents or materials available for
18 inspection need not designate them for protection until after the inspecting Party has
19 indicated which material it would like copied and produced. During the inspection
20 and before the designation, all of the material made available for inspection shall be
21 deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the
22 inspecting Party has identified the documents it wants copied and produced, the
23 Producing Party must determine which documents, or portions thereof, qualify for
24 protection under this Order, then, before producing the specified documents, the
25 Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY
26 CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that
27 contains Protected Material. If only a portion or portions of the material on a page
28 qualifies for protection, the Producing Party also must clearly identify the protected

1  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for
2  each portion, the level of protection being asserted (either "CONFIDENTIAL" or
3  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

4     (b)  <u>for testimony given in deposition or in other pretrial or trial
5  proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify
6  on the record, before the close of the deposition, hearing, or other proceeding, all
7  protected testimony, and further specify any portions of the testimony that qualify as
8  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is
9  impractical to identify separately each portion of testimony that is entitled to
10 protection, and when it appears that substantial portions of the testimony may qualify
11 for protection, the Party or non-party that sponsors, offers, or gives the testimony may
12 invoke on the record (before the deposition or proceeding is concluded) a right to have
13 up to 20 days to identify the specific portions of the testimony as to which protection
14 is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or
15 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions
16 of the testimony that are appropriately designated for protection within the 20 days
17 shall be covered by the provisions of this Stipulated Confidentiality Protective Order.

18     Transcript pages containing Protected Material must be separately bound by the
19 court reporter, who must affix to the top of each such page the legend
20 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
21 ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or
22 presenting the testimony.

23     (c)  <u>for information produced in some form other than documentary,
24 and for any other tangible items</u>, that the Producing Party affix in a prominent place
25 on the exterior of the container or containers in which the information or item is stored
26 the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
27 EYES ONLY." If only portions of the information or item warrant protection, the
28 Producing Party, to the extent practicable, shall identify the protected portions,

1  specifying whether they qualify as "Confidential" or as "Highly Confidential –
2  Attorneys' Eyes Only."

3      5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent
4  failure to designate qualified information or items as "Confidential" or "Highly
5  Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating
6  Party's right to secure protection under this Order for such material. If material is
7  appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes
8  Only" after the material was initially produced, the Receiving Party, on timely
9  notification of the designation, must make reasonable efforts to assure that the
10  material is treated in accordance with the provisions of this Order.

11  6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

12      6.1    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating
13  Party's confidentiality designation is necessary to avoid foreseeable substantial
14  unfairness, unnecessary economic burdens, or a later significant disruption or delay of
15  the litigation, a Party does not waive its right to challenge a confidentiality designation
16  by electing not to mount a challenge promptly after the original designation is
17  disclosed.

18      6.2    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a
19  Designating Party's confidentiality designation must do so in good faith and must
20  begin the process by requesting a conference with counsel for the Designating Party in
21  accordance with the procedures set forth in Civil Local Rule 37-1. As part of this
22  process, the challenging Party must explain the basis for its belief that the
23  confidentiality designation was not proper and must give the Designating Party an
24  opportunity to review the designated material, to reconsider the circumstances, and, if
25  no change in designation is offered, to explain the basis for the chosen designation.

26      6.3    <u>Judicial Intervention</u>. If counsel are unable to resolve their differences
27  after complying with the procedures set forth in Civil Local Rule 37-1, a challenge to
28  a confidentiality designation may be pursued via a motion in accordance with the

1  procedures set forth in Civil Local Rules 37-2 through 37-4 (and in compliance with
2  Civil Local Rule 79-5, if applicable). The burden of persuasion in any such challenge
3  proceeding shall be on the Designating Party. Until the court rules on the challenge,
4  all parties shall continue to afford the material in question the level of protection to
5  which it is entitled under the Producing Party's designation.

6  7.  ACCESS TO AND USE OF PROTECTED MATERIAL

7  7.1  Basic Principles. A Receiving Party may use Protected Material that is
8  disclosed or produced by another Party or by a non-party in connection with this case
9  only for prosecuting, defending, or attempting to settle this litigation. Such Protected
10 Material may be disclosed only to the categories of persons and under the conditions
11 described in this Order. When the litigation has been terminated, a Receiving Party
12 must comply with the provisions of section 11, below (FINAL DISPOSITION).

13 Protected Material must be stored and maintained by a Receiving Party at a
14 location and in a secure manner that ensures that access is limited to the persons
15 authorized under this Order.

16 7.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless
17 otherwise ordered by the court or permitted in writing by the Designating Party, a
18 Receiving Party may disclose any information or item designated "CONFIDENTIAL"
19 only to:

20 (a) the Receiving Party and his, her or its Outside Counsel of record in
21 this action, as well as employees of said Counsel to whom it is reasonably necessary
22 to disclose the information for this litigation;

23 (b) the officers, directors, and employees (including House Counsel)
24 of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

25 (c) experts (as defined in this Order) of the Receiving Party to whom
26 disclosure is reasonably necessary for this litigation and who have signed the
27 "Agreement to Be Bound by Protective Order" (Exhibit A);

28 (d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Confidentiality Protective Order.

(g) the author of the document or the original source of the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party's Outside Counsel may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) The Receiving Party's Outside Counsel of record in this action;

(b) House Counsel of a Receiving Party;

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e) the author of the document or the original source of the information.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this

action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Confidentiality Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>FILING PROTECTED MATERIAL</u>

Without written permission from the Designating Party or a court order secured

after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.  **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.  **MISCELLANEOUS**

12.1  **Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

1  Protective Order.  Similarly, no Party waives any right to object on any ground to use
2  in evidence of any of the material covered by this Protective Order.
3        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
4  Dated:  May 20, 2009      PETERS LAW GROUP

      By: _____
      James J. Peters
      Attorneys for Plaintiff DAVID ELLIS

8  Dated:  May 20, 2009      BAKER & McKENZIE LLP

      By: _____
      Michael N. Westheimer
      Attorneys for Defendant
      SOUTHWEST AIRLINES CO.

13      IT IS SO ORDERED.
14  Date:  5-26-09

      _____
      HON. ROSAYLN M. CHAPMAN
      UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ print or type full name], of _____ [print or type full address], declare under penalty of perjury under the laws of the United States that I have read in its entirety and understand the Stipulated Confidentiality Protective Order that was issued by the United States District Court for the Central District of California in the case of *David Ellis v. Southwest Airlines*, Case No. CV09-0409 JFW (RCx). I agree to comply with and to be bound by all the terms of this Stipulated Confidentiality Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Confidentiality Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Confidentiality Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
      [printed name]

Signature: _____
      [signature]